UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL RAY SMITH,<br>　　　　　Plaintiff,<br>　　v.<br>A. STEIBER, et al.,<br>　　　　　Defendants. | Case No. 19-cv-00019-WHO (PR)<br><br>**ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND**<br><br>Dkt. Nos. 20 and 29 |

## INTRODUCTION

This federal civil rights suit is DISMISSED with leave to amend upon defendants' Rule 12(b)(6) motion because plaintiff Noel Ray Smith has failed to state a claim for relief. Denial of two kosher meals, neither of which Smith ordered, did not violate his constitutional and statutory rights. Any amended complaint shall be filed on or before **January 20, 2020**.

## BACKGROUND

These factual allegations are based on Smith's complaint and are assumed as true for purposes of this order. Smith alleges that on April 17 and 18, 2017, there were two Kosher for Passover meals remaining on the food cart that would be either be discarded or given to employees, he was the last inmate in line to be served, and yet Ramirez, a correctional officer at CTF-Soledad, refused to allow him kosher dinners. (Compl., Dkt. No. 1 at 3.)

Smith has not alleged that he ordered a Kosher meal or was entitled to one as a religious diet. As defendants point out, "This is not a case where a religious meal was ordered for an inmate, and then later denied." (Mot. to Dismiss (MTD), Dkt. No. 20 at

1    10.) Instead, Smith asked whether he could have "one of the extra meals." (Compl., Dkt.

2    No. 1 at 3.) Ramirez declined the request, saying "No, I don't care if there are extra, the

3    rules are the rules." (*Id.* at 3.)

Smith's grievance regarding the matter was denied by defendant A. Steiber. His "request to re-evaluate memo distribution has been denied due to the fact that no current policies are in violation." (*Id.* at 5.) The memo in question was written, Smith alleges, by K. Allison, Director of the Division of Adult Services. (*Id.*) The memo's contents are at this point unknown, but Smith alleges Allison's memo was responsible for Ramirez's denial of the kosher meals. (*Id.*)

Smith alleges defendants violated his free exercise and due process rights, as well as his statutory rights under RLUIPA (Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc).

## DISCUSSION

### A. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal is appropriate also when pleadings show a "lack of cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory," *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted), or when an affirmative defense is premised on facts alleged in the complaint, *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1994).

### B. Legal Claims

The right to exercise religious practices and beliefs under the First Amendment includes "the right to be provided with food sufficient to sustain [prisoners] in good health that satisfies the dietary laws of their religion." *McElyea v. Babbitt*, 833 F.2d 196, 198 (9th Cir. 1987) (citation omitted). In order to establish a free exercise of religion violation, a prisoner must show that a prison official burdened the practice of his religion without

2

any justification reasonably related to legitimate penological interests. *See Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008). RLUIPA claims are judged under the same standard. *International Church of Foursquare Gospel v. City of San Leandro*, 673 F.3d 1059, 1067 (9th Cir. 2011).

Smith has not alleged that he was entitled to a Kosher meal. But even if he was, missing two kosher meals does not constitute a burden sufficient to violate his First Amendment or RLUIPA rights. Other courts have come to the same conclusion on similar facts. *Wilson v. Juaregui*, No. 17-cv-04003-CRB (PR), 2019 WL 1559195, at *3 (N.D. Cal. Apr. 10, 2019) (missing four kosher meals "was de minimis and not a substantial burden on plaintiff's practice of his religion"); *Ahdom v. Etchebehere*, No. 1:13-cv-01623-DAD-GSA, 2017 WL 8793335, at *1 (E.D. Cal. Dec. 12, 2017) (missing one day of Ramadan meals was not a substantial burden on plaintiff's practice of his religion); *McKenzie v. Ellis*, No. 10-cv-1490-LAB (AJB), 2012 WL 4050297, at *5 (S.D. Cal. Sept. 13, 2012) (a four-day denial of a religious diet because of alleged wrongdoing by jailors did not "substantially burden" plaintiff's religious practice); and *Rapier v. Harris*, 172 F.3d 999, 1006 n.4 (7th Cir. 1999) (the unavailability of pork-free meals on three occasions out of a total of 810 meals was not "an impermissible burden on [plaintiff's] free exercise of religion"). Accordingly, Smith's First Amendment and RLUIPA claims are DISMISSED without leave to amend.

Smith's due process claim also fails to state a claim for relief. To assert a due process interest, there must be a "legitimate claim of entitlement to it." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). Smith has not alleged that he had any legitimate claim of entitlement in receiving the kosher meals. The record shows that the contrary was true. The meals were extras, left over after the prisoners who had ordered kosher meals had been served. Smith's due process claim is DISMISSED with leave to amend. In the amended complaint, Smith must allege facts showing he had a legitimate claim of entitlement to those meals.

3

**MOTION FOR COUNSEL**

Smith's second motion for the appointment of counsel will be denied. His first motion was denied because this case does not present legally or factually complex issues, not because of his pleadings were unintelligible. (Dkt. No. 29.)

Smith renews his motion on grounds that he has been adjudged "mentally disabled," "incompetent," and "a danger to myself and others" by the state court and by the CDCR. (Second Motion for Counsel, Dkt. No. 29 at 2.) Since July 31, 2018, he has been subject to an order "authorizing involuntary administration of psychiatric medication" pursuant to California Penal Code § 2602. (*Id.*; Defendants' Response to Plaintiff's Amended Motion for Order to Appoint Counsel, Dkt. No. 30-1 at 4.) However, the record indicates that he is competent to litigate this suit. His filings, including the renewed motion for counsel, are clear and well-reasoned. His motion is DENIED.

**CONCLUSION**

Defendants' motion to dismiss is GRANTED. The complaint is DISMISSED with leave to file **on or before January 21, 2020** an amended complaint regarding the due process claim. Smith's free exercise and RLUIPA claims are DISMISSED without leave to amend. Smith's motion for the appointment of counsel is DENIED.

The amended complaint must appear on this Court's form and include the caption and civil case number used in this order (19-00019 WHO (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference.

The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

**Dated:** December 12, 2019



WILLIAM H. ORRICK
United States District Judge